Filed 10/22/20  P. v. Hill CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HECTOR HILL,<br><br>    Defendant and Appellant. | 2d Crim. No. B304166<br>(Super. Ct. Nos. 2019001522,<br>2019002677)<br>(Ventura County) |

Hector Hill appeals an order of restitution following his conviction for two counts of receiving stolen property – two automobiles.  (Penal Code, §496d, subd. (a).)  Appellant contends, and the People concede, the trial court erred because appellant did not admit to the theft of a laptop computer from one of the vehicles.  We vacate the order of restitution.  Otherwise, we affirm.

STATEMENT OF FACTS

Police arrested appellant on December 30, 2018 when they saw him drinking with a companion in a stolen Kia Optima.[1] Two weeks later, officers saw appellant outside of a Circle K convenience store emptying the contents of a Hyundai Sonata into a dumpster. They arrested appellant after confirming the vehicle was stolen.

The District Attorney filed separate felony complaints on January 16 and January 25, 2019, alleging two counts of receiving the stolen vehicles. The complaints were subsequently consolidated into a single information to which appellant pleaded guilty and admitted four prison priors. (Pen. Code, § 667.6, subd. (b).)

The court struck the priors and sentenced appellant to two years in jail followed by three years of mandatory supervision under Penal Code section 1170, subdivision (h). It ordered restitution under section 1202.4 for the $2,899.00 claimed by the Hyundai's owner for a laptop computer and other personal items missing from the car upon its recovery. The Kia's owner did not seek restitution.

This appeal followed.

DISCUSSION

"[T]he broad scope of victim restitution which can be imposed by the trial court as a condition of probation cannot be imposed as a condition of mandatory supervision." (*People v. Rahbari* (2014) 232 Cal.App.4th 185, 195.) A court sentencing a defendant to mandatory supervision must limit restitution "'to

_____

[1] We derive relevant facts in part from appellant's probation report. He does not dispute the terms of his plea.

2

those losses arising out of the criminal activity that formed the basis of the conviction.'" (*Id*. at p. 196.)

Appellant contends the trial court abused its discretion when it ordered him to pay restitution for the Hyundai owner's missing personal items. He admitted receiving the Hyundai by virtue of his guilty plea but did not admit stealing the car or the contents for which the victim sought restitution. The District Attorney presented no evidence to the contrary. (See *People v. Martinez* (2017) 2 Cal.5th 1093, 1104-1105 ["to require the defendant to compensate the victim for injuries for which the defendant bears no responsibility . . . could raise significant constitutional questions"].) The People concede the restitution award is not proper.

Theft of the items claimed by the Hyundai's owner were not losses "arising out of the criminal activity that formed the basis" of appellant's conviction for receiving stolen property. We conclude the court erred when it ordered appellant to pay restitution totaling $2,899.00.

DISPOSITION

We vacate the order of restitution dated January 6, 2020. We affirm appellant's conviction in all other respects.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P.J.          YEGAN, J.

3

Anthony J. Sabo, Judge
Superior Court County of Ventura
_____

Jolene Larimore, under appointment by the Court of
Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief
Assistant Attorney General, Susan Sullivan Pithey, Senior
Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising
Deputy Attorney General, and Michael Katz, Deputy Attorney
General, for Plaintiff and Respondent.